[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: DEFENDANT'S MOTIONS TO STRIKE(FILE #103 AND #104)[1]
The minor plaintiff, Evelyn Nieves, through her mother and next friend, Marie Negron, filed this two count complaint against defendant U-Haul (first count) and defendant Heriberto Negron (second count). Plaintiff alleges that Heriberto Negron, while transporting the plaintiff in a van rented from U-Haul, parked the van, engaged the parking brake, and exited the van with the motor running. Plaintiff further alleges that the parking brake failed, allowing the van to roll backward, and forcing plaintiff, who feared for her safety, to jump from the moving van, thus sustaining injuries and damages.
In the first count, plaintiff maintains that U-Haul is liable under the Connecticut Products Liability Act, General Statutes § 52-572m, et seq., for, inter alia, leasing a truck in a defective and unreasonably dangerous condition in that it knew or should have known of the defective brake condition and failed to warn or disclose the condition to the plaintiff. Plaintiff seeks punitive damages under General Statutes § 52-240b.
Defendant U-Haul moves to strike the prayer for punitive damages on the basis that the complaint does not contain sufficient allegations of a reckless disregard for the safety of the product user necessary to sustain a claim for punitive damages under General Statutes § 52-240b. Plaintiff contends that sufficient facts have been pleaded on which to base a reckless disregard claim.
A motion to strike is the proper vehicle to contest the legal sufficiency of any prayer for relief. Practice Book CT Page 5052 § 152(2); see also: Carchidi v. Rodenhiser, 209 Conn. 526, 531,551 A.2d 1249 (1989). A pleading will survive a motion to strike where it contains all the necessary elements of a cause of action. D'Ulisse-Cupo v. Board of Directors of Notre DameHigh School, 202 Conn. 206, 218-19, 520 A.2d 217 (1987). In ruling on a motion to strike, the court must construe all well pleaded facts in the manner most favorable to the plaintiff.Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988).
General Statutes § 52-240b provides in part that "[p]unitive damages maybe awarded if the claimant proves that the harm suffered was the result of the product seller's reckless disregard for the safety of product users or others who were injured by the product." "Words and phrases of a statute are to be construed according to their commonly approved usage of the language and there is nothing in the product liability act that suggests that the phrase `reckless disregard' is to be given a unique interpretation." PreferredRemodelers, Inc. v. General Motors Corp., 6 Conn. L. Rptr. 118, 120 (March 4, 1992), citing Ganim v. Roberts, 204 Conn. 760,763, 529 A.2d 194 (1987). To satisfy a claim of recklessness, the defendant's acts must be alleged to have been done with a reckless indifference to the interests of others. Ames v.Sears, Roebuck Co., 8 Conn. App. 642, 655, 514 A.2d 352, cert. denied, 201 Conn. 809, 515 A.2d 378 (1986); see also:Preferred Remodelers, Inc. v. General Motors Corp., supra, 120. Our Supreme Court has stated:
 "`While an act to be reckless must be intended by the actor, the actor does not intend to cause the harm which results from it . . . It is enough that he realizes or, from facts which he knows, should realize that there is a strong probability that harm may result . . . .'" (Emphasis added).
 Mingachos v. CBS, Inc., 196 Conn. 91, 93 (1985)
Plaintiff argues that the necessary allegations of recklessness are contained in paragraph 8(e) of the first count alleging that defendant "knew or should have known that the truck was equipped with a defective brake and was dangerous and not safe for use by the Plaintiff and the general public." The plaintiff argues that the allegations regarding defendant's knowledge satisfy the pleading CT Page 5053 requirements for recklessness.
"Recklessness is a state of consciousness with reference to the consequences of one's acts [;] [i]t requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man . . .'" Sheiman v. Lafayette Bank and TrustCo., 4 Conn. App. 39, 45 (1985). Mere use of the word "reckless" in a pleading is insufficient to raise an actionable claim absent supporting factual allegations. Id. Here, plaintiff has alleged that defendant "knew or should have known" of the dangerous defect, as well as the resulting risk, and did not disclose same to plaintiff or to the general public. In Preferred Remodelers, Inc. v. General MotorsCorp., supra, a motion to strike was denied where the factual allegations of the complaint supported the legal elements of recklessness: defendants were aware of the need for replacement parts in the vehicle; defendants sold the vehicle to the plaintiffs without warning and without performing the necessary repairs; without replacement parts, sudden brake failure could occur; etc. In Preferred Remodelers, as in the present case, evidence admissible under the complaint would allow for the presentation of facts necessary to satisfy the "reckless disregard" requirement of Section 52-240b. Here, construing the allegations of this complaint most favorably to plaintiff; Gordon v. Bridgeport Housing Authority, supra at p. 170; it has been alleged that the harm suffered was likely to have resulted from a defective condition of the parking brake, that the defendant was, or should have been, aware of the risk of such harm or injury, and that defendant did not disclose said defective condition to the plaintiff, or to the general public. Although the precise statutory term "reckless disregard" is not contained in the complaint, the factual allegations, construed most broadly (and favorably), conform with the legal elements of recklessness.
For the reasons stated, the motion to strike the punitive damages portion of plaintiff's prayer for relief is herebyDenied. Plaintiff's objection to said motion to strike is hereby Sustained.
Mulcahy, J.